UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS J. WRIGHT,

    Petitioner,

                                        Case No. 09-12523

v.

                                        Honorable Patrick J. Duggan

KENNETH T. McKEE,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On June 25, 2009, Douglas Wright ("Petitioner"), a state prisoner incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for second-degree murder, Michigan Compiled Laws § 750.317, and possession of a firearm during the commission of a felony, Michigan Compiled Laws § 750.227b. Petitioner asserts that he was deprived of the effective assistance of counsel at trial and on appeal. The Court has referred this matter to Magistrate Judge Paul J. Komives for all pretrial proceedings.

Magistrate Judge Komives filed a Report and Recommendation on November 29, 2011, in which he recommends that this Court deny the petition. With respect to each of the claims in the petition, Magistrate Judge Komives concludes that Petitioner has failed to establish either deficient performance or prejudice. Petitioner filed objections to the R&R on December 12, 2011.

Petitioner first objects to statements in the R&R describing the trial court's denial of Petitioner's motion for relief from judgment. Petitioner asserts that the R&R failed to note the trial judge's conclusion that a finding of ineffective assistance of appellate counsel would establish cause for Petitioner's failure to raise his claims on appeal. Although the R&R did not refer to this aspect of the trial judge's ruling, it acknowledged that Petitioner might establish good cause by demonstrating counsel's ineffectiveness:

> Petitioner contends that his appellate counsel was ineffective for failing to raise these claims on direct appeal. If petitioner's position is correct, counsel's ineffectiveness may constitute cause to excuse any procedural default. To demonstrate that appellate counsel was ineffective, petitioner must show, *inter alia*, that his claims would have succeeded on appeal. Given that the cause and prejudice inquiry merges with an analysis of the merits of petitioner's defaulted claims, it is better to simply consider the merits of these claims, even if they are defaulted.

R&R 11 (citations omitted). Magistrate Judge Komives went on to consider the merits of Petitioner's claims. The Court finds no error in Magistrate Judge Komives' analysis.

Petitioner objects to the R&R's summary of the facts, which quoted the prosecutor's brief at length. Petitioner argues that the state court never adopted this presentation of the facts. He points to evidence indicating his innocence, but this is irrelevant, as Petitioner's claims before this Court focus on his attorney's failure to object to evidence introduced by the prosecutor. The prosecutor's summary of the evidence is convenient because it details the testimony that Petitioner believes his attorney should have objected to. Although it may be possible to create a more balanced picture of the evidence, doing so would not result in a different disposition of Petitioner's claims.

Petitioner argues that his counsel misunderstood the law concerning the admissibility

of the victim's out-of-court statements and failed to object to the introduction of certain statements. Petitioner refers specifically to the victim's allegations that Petitioner had stolen money from a bingo game. The Michigan Court of Appeals concluded that these statements were admissible as evidence of the victim's intent to use the accusations to obtain custody over the couple's son. *People v. Wright*, No. 249627, 2005 WL 544160, at *3 (Mich. Ct. App. Mar. 8, 2005). Even if this conclusion were erroneous, the trial court's failure to correctly apply the Michigan Rules of Evidence would not provide a basis for habeas relief. *Railey v. Webb*, 540 F.3d 393, 398 (6th Cir. 2008) ("[W]e do not consider on habeas review a state court's determination of state law."). Furthermore, as Magistrate Judge Komives noted, these statements suggest a motive for the victim's murder, whether or not the theft actually occurred. R&R 16. Under Michigan Rule of Evidence 801(c), a statement is not hearsay where it is offered in evidence to prove something other than the truth of the matter asserted. Petitioner has failed to demonstrate that any objection to the introduction of the victim's accusations would have been sustained. Counsel was not ineffective for failing to raise such an objection.

Petitioner objects to Magistrate Judge Komives' conclusion that his counsel was not required to challenge the introduction of the victim's statements under the Confrontation Clause. Under the rule of *Ohio v. Roberts*, 448 U.S. 56, 100 S. Ct. 2531 (1980), which applies to Petitioner's case, an admission of hearsay does not violate the Confrontation Clause where the declarant is shown to be unavailable and the statement bears adequate "indicia of reliability." *Id.* at 66, 100 S. Ct. at 2539. *Roberts* held that "[r]eliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay

3

exception." *Id.* at 66, 100 S. Ct. at 2539. The state court determined that the victim's accusations against Petitioner fell within the scope of an exception to the hearsay rule. *Wright*, 2005 WL 544160, at *3 (citing Michigan Rule of Evidence 803(3)). Thus, Petitioner cannot show that any objection to the victim's statements would have been sustained. Because Petitioner has not demonstrated prejudice, his ineffective assistance of counsel claim fails.

Petitioner objects to Magistrate Judge Komives' conclusion that his ineffective assistance of counsel claim would fail even under the rule of *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004).[1] *Crawford* bars the introduction of testimonial evidence where the defendant has had no opportunity for cross-examination. 541 U.S. at 68-69, 124 S. Ct. at 1374. Petitioner contends that the victim's statements were testimonial in nature, as they were intended as messages to the authorities. The Sixth Circuit has concluded that statements to friends, family members, confidants, and acquaintances are not "testimonial" in nature. *United States v. Franklin*, 415 F.3d 537, 545-46 (6th Cir. 2005). The victim in this case made statements to her brother, her sister-in-law, her cousin, and two former co-workers. Magistrate Judge Komives properly concluded that the statements were non-testimonial, and thus, could be introduced without violating the Confrontation Clause.

Petitioner objects to Magistrate Judge Komives' analysis of his claim that his counsel was ineffective for failure to object to improper opinion testimony. He specifically refers to testimony by several witnesses that the victim did not commit suicide. Petitioner points

---

[1] Petitioner has conceded that *Roberts*, rather than *Crawford*, applies to his case. Pet'r's Br. 5-6.

4

out that none of these witnesses were present at the time of the shooting. Magistrate Judge Komives correctly noted that the witnesses' testimony was not admitted based on personal observation of the shooting, but rather, based on their interactions with the victim and their impressions of her mental state prior to the shooting. R&R 23. Michigan courts generally allow lay opinions with respect to a person's mental condition. *See People v. Burchard*, No. 283052, 2009 WL 1099728, at *2 (Mich. Ct. App. Apr. 23, 2009). Petitioner has not shown that particular expertise would have been required in order to assess the victim's mental state; thus, an objection to lay opinion testimony would likely have been overruled. Counsel was not ineffective for failing to raise a meritless objection.

 Petitioner argues that his attorney was ineffective for failing to object to the testimony of medical examiners who indicated that the victim had not committed suicide. Magistrate Judge Komives concluded that Petitioner had not established that such an objection would have been sustained, as Michigan courts allow forensic pathologists to testify as to both the cause and manner of death. R&R 25 (citing *People v. Unger*, 278 Mich. App. 210, 252-53, 749 N.W.2d 272, 301 (Mich. Ct. App. 2008); *People v. Yost*, 278 Mich. App. 341, 394-95, 749 N.W.2d 753, 786-87 (Mich. Ct. App. 2008)). Petitioner argues that the opinions were not based on medical science. Medical examiners, however, are permitted to consider "known facts and circumstances" in formulating their opinions as to the cause and manner of death. *People v. Siwik*, No. 241582, 2004 WL 32733, at *4 (Mich. Ct. App. Jan. 6, 2004). Petitioner's challenges to the examiners' testimony went to the weight to be accorded to their opinions, rather than admissibility. Petitioner also cites a number of decisions holding that the opinions of police officers cannot be used against a

5

criminal defendant. Magistrate Judge Komives correctly concluded that these cases were distinguishable, as they involved police officers personally vouching for the defendant's guilt. R&R 25 n.2. Petitioner's ineffective assistance of counsel claim fails because he has not established that an objection to the medical examiners' testimony would have been sustained.

Petitioner disagrees with Magistrate Judge Komives' conclusion that Petitioner's attorney was not ineffective for failing to adequately question witnesses. Petitioner argues that his attorney should have challenged Dr. Dragovic's assertion that accidental firearm discharges occur only when the firearm is dropped. As Magistrate Judge Komives noted, this testimony was irrelevant. Petitioner's defense was that the victim committed suicide, not that she accidentally shot herself. Petitioner contends that this line of questioning may have generally discredited Dr. Dragovic, but this amounts to little more than speculation. Petitioner also points to testimony of witnesses indicating that women committing suicide usually do not shoot themselves, and instead resort to less traumatic methods. Petitioner asserts that government statistics disprove this,[2] and argues that his attorney should have questioned these witnesses more thoroughly. Petitioner argues that the witnesses gave jurors the impression "that female suicides by firearm are virtually unheard of." Pet'r's Br. 11. Petitioner exaggerates these witnesses' testimony. In his objections to the R&R, Petitioner fails to identify any statements indicating that such suicides were "unheard of." Petitioner has not demonstrated that additional questioning would have benefited his case.

---

[2] Petitioner asserts that one-third of female suicides are by firearm, but fails to acknowledge that this would mean that the majority of female suicides are *not* by firearm.

Petitioner next objects to Magistrate Judge Komives analysis of counsel's failure to object to the admission of medical records. Magistrate Judge Komives concluded that Petitioner's attorney was not ineffective, because there was no reasonable probability that the objection would have been sustained. Petitioner argues that the admission of these records violated the Confrontation Clause. Magistrate Judge Komives concluded that the records were admissible under the business records exception to the hearsay rule, or as statements made for the purposes of medical treatment. R&R 28 (citing Michigan Rules of Evidence 803(4), 803(6)). The Confrontation Clause was not implicated, as these two exceptions to the hearsay rule were "firmly rooted." *See Roberts*, 448 U.S. at 66, 100 S. Ct. at 2539. Nor would the admission of these records present an issue under *Crawford*, as the records of the victim's symptoms and medical treatment are not testimonial in nature. Petitioner cites *People v. Shipp*, 175 Mich. App. 332, 437 N.W.2d 385 (Mich. Ct. App. 1989), for the proposition that conclusions and diagnoses are not included within the scope of the business records exception. The victim's records were not admitted to establish a specific diagnosis; rather, they demonstrated that the victim had not previously complained of symptoms of depression or alcoholism. *Shipp* would not have precluded admission of the victim's medical records. Petitioner also points to *People v. Lonsby*, 268 Mich. App. 375, 707 N.W.2d 610 (Mich. Ct. App. 2005), a case in which the Michigan Court of Appeals concluded that admission of a laboratory report violated the Confrontation Clause because the defendant did not have the opportunity to cross-examine the report's author. Magistrate Judge Komives correctly noted that *Lonsby* involved testimonial hearsay, as the report in question was prepared by the state police during their

investigation of the crime. R&R 29 n.3. Because testimonial hearsay was at issue, *Crawford* precluded the admission of the report. Here, the victim's medical records were created before her death and cannot be considered testimonial. *Crawford* is not implicated, and Petitioner's reliance on *Lonsby* is misplaced.

Petitioner's next objection involves juror misconduct. During Petitioner's trial, the court informed the parties that a juror had been overheard saying, "we had heard enough, and there was no need to continue with the trial." After the trial but prior to sentencing, Petitioner's attorney moved for a mistrial, arguing that the jury was biased or had discussed the case prior to its completion. The trial court denied the motion, stating that it was common for jurors to express frustration with long trials, and this did not mean that the jury had already made a decision. The court also noted the length of deliberations and the jury's request to review certain testimony, which indicated that the jurors had not made up their minds before the trial concluded. Although Petitioner's attorney had moved for a mistrial, Petitioner alleges that his attorney was ineffective for failing to make this motion sooner, when the juror's comment was first revealed to the parties. The Michigan Court of Appeals rejected this claim, finding that Petitioner had failed to establish that a different outcome would have resulted from raising the issue earlier.[3] Magistrate Judge Komives

---

[3] Petitioner also seems to attack the merits of the state court's ruling, arguing that it was unreasonable. Habeas relief is permitted only where the state court made a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The state court's application of precedent must be more than incorrect or erroneous; it must have been "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S. Ct. 2527, 2535 (2003). Petitioner has not cited any authority holding that a comment like the one in this case necessarily indicates misconduct or bias. Although Petitioner believes

agreed with the state court's analysis, and the Court does not believe this conclusion was in error. The trial court denied Petitioner's motion on its merits, and there is no indication that raising the issue sooner would have led to a different outcome. Petitioner suggests that the court may have instead removed the juror who made the comment. This is mere speculation. Moreover, given the trial court's conclusion that the juror was expressing frustration with the length of the trial, it seems unlikely that the juror would have been disqualified. Petitioner has not established prejudice from counsel's failure to raise the motion for a mistrial at an earlier time.

Petitioner's final objection relates to his claim of ineffective assistance of appellate counsel. Petitioner argues that if any of his claims regarding trial counsel's performance have merit, his appellate counsel was ineffective for failing to raise them on appeal. The Court has concluded that these claims lack merit. Accordingly, Petitioner's appellate counsel was not ineffective for failing to raise them on appeal.

For the reasons stated above, the Court concurs with the conclusions reached by Magistrate Judge Komives and rejects Petitioner's objections to the R&R. The Court therefore denies that the petition for writ of habeas corpus.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner

---

the trial court incorrectly denied his motion, there is no indication that the court's decision was unreasonable so as to warrant habeas relief.

satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003).  For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  The Court therefore declines to issue Petitioner a certificate of appealability.

    Accordingly,

    **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**;

    **IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability.

                                s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Dated: February 28, 2012
Copies to:
James S. Lawrence, Esq.
Laura Moody, A.A.G.